Dodge *v.* Acworth.

## DODGE *v.* ACWORTH.

Appeals of land owners from the assessment of damages to them by road commissioners, in laying out highways, are to be taken and entered at the term of the Court of Common Pleas, holden in the county next after the acceptance of the commissioners' report establishing the highway.

APPEAL from the award of damages made by the road commissioners for this county to the appellant, for his land taken for a new highway in Acworth. The commissioners examined the route, October 25, 1853, and made their report February term, 1854, having certified their award of damages to the town clerk of Acworth more that fourteen days previous thereto. The appellant entered his appeal at the August term, 1854, being the next term of the Common Pleas for this county after the acceptance of the report of the commissioners, at the February term, 1854.

At the August term, 1855, the appellee moved to dismiss the appeal because it was not taken in season, and the question was transferred to this court.

Dodge *v.* Acworth.

*E. L. Cushing,* for the appellee, contended that the appeal should have been taken and entered at the next term of court after the assessment of damages was made by the commissioners, which was February term, 1854, and referred to Comp. Stat., chap. 54, secs. 7 and 8.

*Freeman & McClure,* for the appellant.

The appeal was taken in season. The word " next," in the 8th section of chap. 54, Compiled Statutes, refers to the court next following the court to which the report is returnable. Revised Statutes, chap. 51, secs. 7 and 8.

If the appeal must be taken to the court to which the report is returnable, it should be entered on or before the second day of the term, and the town should enter an appearance on or before the fourth day. It has been held that an appeal may be commenced by petition, and notice of its pendency given in vacation. *Twombly* v. *Madbury,* 7 Foster 433.

Until the report is accepted, there is no award from which an appeal can be taken. The report may be recommitted. Revised Statutes, chap. 50, sec. 7.

The land owner is not entitled to damages until the report is accepted and the road established. He cannot be required to pursue a remedy for increased damages, while it remains in doubt if any will be due him. Rev. Stat., chap. 52, sec. 3.

The purpose of requiring the commissioners to certify the damages to the town clerk, fourteen days before the return term, was to notify all parties of the time of its return, that they might be heard on the question of its acceptance. If the land owner must also take his appeal at the same term, he might have a motion pending to reject the report, which, if granted, must result in the dismission of his appeal.

FOWLER, J. The only question in this case arises upon the construction of the 8th section of chap. 54 of the Compiled Statutes. The language of that section is :

" If any such owner [of land] shall be dissatisfied with the

amount of damages awarded him by the commissioners under the preceding section, [that relating to the assessment of damages to the owners of land by the commissioners,] he may appeal to the Court of Common Pleas next to be holden in the county, and not afterwards, and thereupon said court shall assess his damages by a jury," &c.

It is contended by the appellee that the right of appeal is by this section expressly limited to the term of court next following the assessment of damages by the commissioners; and the reason suggested for this construction is, that the Legislature intended to have the question of damages presented at the same time with the report, so that the court might better judge of the expediency of the proposed highway from the probable expense for land damages growing out of appeals.

We cannot believe such to be the construction of the statute. Until the report of the commissioners is accepted, there is no award of damages to appeal from. The proceedings of the commissioners are only preliminary to the laying out and establishing of the highway. No valid claim for damages exists until the highway is established by the acceptance of their report and judgment thereon. Comp. Stat., chap. 56, sec. 3.

To suppose that the Legislature intended to compel a land owner to take and enter his appeal before any judgment had been rendered from which an appeal might be taken, involves the absurdity of supposing they intended to compel the prosecution of an appeal from a judgment before it had any existence. Until such judgment is rendered, the whole matter of damages is inchoate, resting upon appraisal or assessment of the commissioners only, and is entirely within the control of the tribunal appealed from. The Court of Common Pleas lay out and establish the road, and award the damages to the land owners by their own judgment. The commissioners determine nothing finally. The court may recommit, continue, or set aside their report. It might be recommitted for the very purpose of having the assessment of damages to the appealing land owner corrected, and upon such correction all cause of appeal might be

Dodge *v.* Acworth.

removed. So the report might be rejected altogether, in which event no road would be established, and consequently no land taken. In either case the appeal must fail, and the necessary result be to subject the appellant to costs and expenses, without fault on his part, or any hope of redress therefor.

But it is unnecessary to pursue the subject. We are entirely clear in our convictions, that by the language used in the section quoted the Legislature must have intended that the land owner's appeal should be taken to the Court of Common Pleas next to be holden in the county after the acceptance and rendition of judgment on the commissioners' report; for, until such acceptance and judgment, there is nothing from which an appeal can be taken. Any other construction is impossible consistently with other provisions of the statute relating to the same subject, and which, on general principles, must be construed with it.

The appeal in this case was, therefore, rightly and seasonably taken, and

*The motion to dismiss must be denied.*